UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RYAN WILLIS | * | CIVIL ACTION NO. |
| | * | |
| Plaintiff | * | |
| VERSUS | * | JUDGE: |
| | * | |
| UNITED PROPERTY AND CASUALTY | * | MAGISTRATE: |
| INSURANCE COMPANY | * | |
| Defendant | * | |

### UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S
### NOTICE OF REMOVAL

United Property & Casualty Insurance Company ("UPC") respectfully submits this Notice of Removal. In support of this Notice of Removal, UPC states as follows:

### INTRODUCTION

1. On January 27, 2023, Plaintiff, Ryan Willis, filed his Petition for Breach of Contract and Damages ("Petition") in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana against United Property and Casualty Insurance Company. *See* State Court record, attached as Exhibit A, *in globo*.

2. Plaintiff owns the residential property located at 12240 River Highlands Drive in St. Amant, Louisiana. Petition at ¶ 4

3. Plaintiff is domiciled in the Parish of Livingston. *See* Petition at ¶¶ 1,3,4.

4. The Petition asserts that on or about August 29, 2021, Hurricane Ida caused "significant" damage to Plaintiff's property. Petition at ¶ 7.

5. Plaintiff alleges that UPC issued a policy of insurance that provides coverage for wind and wind-related damage. Petition at ¶ 5.

6. UPC issued homeowners property policy no. ULF 0008077 02 to Plaintiff. *See* Exhibit B

(Policy Declarations).

7. This action was filed in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, captioned *Ryan Willis v. United Property and Casualty Insurance Company*, Docket No. 76851, Div. "B."

8. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount-in-controversy for Plaintiff's claim – as demonstrated by the pre-petition demand submitted by Plaintiff – exceeds the sum of $75,000, exclusive of interests and costs.

9. The 21st Judicial District Court for the Parish of Livingston, State of Louisiana, is a state court within the Middle District of Louisiana.

10. UPC has attached all pleadings filed in the record of the state court proceeding. *See* Exhibit A, *in globo*.

## REMOVAL IS TIMELY

11. This notice of removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . .
> [If] the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

   28 U.S.C. § 1446(b).

12. On February 6, 2023, UPC was served with Plaintiff's Petition which alleges compensatory

2

damages and any other legal or equitable relief.

13. This removal is being filed within thirty (30) days of service of the Petition on UPC. 28 U.S.C. § 1446.

14. Plaintiff filed the Petition on January 27, 2023, so the original Notice of Removal is being filed within one year of commencement of the action. *See* Exhibit A.

## DIVERSITY JURISDICTION

15. The Court has original diversity jurisdiction over Plaintiff's claims because the parties are completely diverse and because Plaintiff seeks damages in excess of $75,000, as demonstrated by Plaintiff's public adjuster estimate submitted to UPC.

### *The Parties Are Completely Diverse*

16. Plaintiff is domiciled in Livingston Parish. *See* Petition at ¶¶ 1,3,4 . Plaintiff owns the residential property located at 12240 River Highland Drive St. Amant, Louisiana. Petition at ¶ 4. Accordingly, Plaintiff is domiciled in Livingston Parish.

17. UPC is a nongovernmental corporation organized and existing under the laws of the State of Florida, with its principal place of business at 800 2nd Avenue South in St. Petersburg, Florida. *See* UPC's Louisiana Department of Insurance Profile, Exhibit C. Accordingly, UPC is a citizen of Florida for purposes of diversity jurisdiction.

### *The Amount in Controversy Exceeds $75,000*

18. Defendant, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is

not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54.

19. Here, Plaintiff seeks damages under homeowners policy number ULF 0008077 02 (the "policy") with coverage limits of $321,000 for damage to dwelling, $32,100 for damage to other structures, $112,350 for damage to personal property, and $64,200 for loss of use. The hurricane deductible is $1,000. *See* Exhibit B (Policy Declarations).

20. On May 24, 2022, prior to filing suit, Plaintiff sent UPC an expert report demanding payment of $114,604.07 in damages.[1] *See* Petition ¶¶ 14-15; *see also* Plaintiff's expert report.

21. When prior payments ($59,263.42) and the deducible ($1,000) are subtracted from Plaintiff's demand totaling $114,604.07, there remains $54,340.65 in dispute under the insurance contract.

22. Under Fifth Circuit precedent, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

23. Relevant here, a Plaintiff's submission/demand can constitute summary judgment evidence of the alleged value of the Plaintiff's claim. *See Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *5 (E.D. La. Dec. 29, 2014); see *also Creppel v. Fred's Stores of Tennessee, Inc.*, 13-734, 2013 WL 3490927 (E.D. La. July 10, 2013) (denying remand where plaintiff's pre-petition settlement demand assessed the value of the case at $80,000); *White v. Allstate Ins. Co.*, No. 07-589, 2007 WL 1218024, at *1 (E.D. La. Apr. 24, 2007) (determining that plaintiff's demand established that the amount-in-controversy exceeded $75,000); *see also Mitchell v. Gov't Employees Ins. Co.*, 19-868, 2019 WL 1755854, at *1 (E.D. Mo. Apr. 19,

---

[1] Plaintiff's petition indicates the expert report totaled $113,604.07. We assume this amount accounts for the deduction of the deductible, as the total expert report estimate is $114,604.07. *See* Exhibit D, plaintiff's estimate.

4

2019) (holding that a "verbal" settlement demand, supported by an affidavit, constituted summary judgment-type evidence sufficient to establish the amount-in-controversy); *Leonard v. Sentry Select Ins. Co.*, No. 15-675, 2016 WL 1393382, at *3 (M.D. La. Mar. 11, 2016) ("[T]he court will consider whether Plaintiff's pre-removal settlement demand in this case evidences that the amount-in-controversy requirement was satisfied at the time of removal."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that a plaintiff's settlement demand "is relevant evidence of the amount-in-controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

24. Bad faith penalties, damages, and attorneys' fees are included in determining the amount-in-controversy for purposes of diversity jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount-in-controversy."); *Malone v. Scottsdale Ins. Co.*, No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) ("Claims for attorney's fees and penalties that may be awarded pursuant to state statutes are considered in determining whether the amount-in-controversy requirement has been satisfied."); *Randall v. State Farm Fire & Cas. Co.*, No. 11-1358, 2011 WL 3204705, at *2 n. 17 (E.D. La. July 27, 2011).

25. Under Louisiana law, bad faith penalties, damages, and fees are assessed in accordance with Louisiana Revised Statutes 22:1892 and 22:1973.

26. The penalty assessed under Louisiana Revised Statute 22:1973 when an insurer has breached its statutory duty of good faith and fair dealing is to be "an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C) (emphasis added).

27. Plaintiff can also recover general damages, mental anguish, etc. under Louisiana Revised Statute 22:1973(C).

28. The penalty assessed under Louisiana Revised Statute 22:1892 when an insurer has failed to pay the amount of any claim due within thirty (30) days after satisfactory proof of loss is fifty (50) percent of the difference between any amount paid and the amount found to be due, as well as attorneys' fees and costs. La. R.S. 22:1892(B)(1).

29. Plaintiff cannot recover penalties under both bad faith statutes, but plaintiffs can recover general damages under Louisiana Revised Statute 22:1973(C) while also recovering a fifty (50) percent penalty plus attorneys' fees under Louisiana Revised Statute 22:1892. *Consolidated Companies, Inc. v. Lexington Ins. Co.*, 616 F.3d 422 (5th Cir. 2010).

30. Here, Plaintiff seeks *at least* $54,340.65 in damages under the policy's dwelling coverage. A fifty (50) percent penalty on this amount Louisiana Revised Statute 22:1892 would be $27,170.33, bringing the total amount in controversy to at least $81,510.98 before consideration of general damages under Louisiana Revised Statute 22:1973(C) and/or an award for attorneys' fees and costs.

31. Plaintiff seeks attorneys' fees under Louisiana Revised Statute 22:1892. In *Eaux Holdings, LLC v. Scottsdale Ins. Co.*, No. 20-01582, this Court calculated attorneys' fees at twenty (20) percent of the total amount due to plaintiffs. If Plaintiff recovers a 50% fee on the contractual amount claimed (at least $27,170.33) plus the 50% penalty ($27,170.33), the amount in controversy would reach $108,681.30.

## **CONCLUSION**

32. In sum, there exists complete diversity of citizenship between Plaintiff, on the one hand, and UPC, on the other, and the amount-in-controversy exceeds $75,000, and there is sufficient evidence that the amount-in-controversy exceeds $75,000. These facts confer upon this Court

6

original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Accordingly, UPC respectfully requests that this Court assume full jurisdiction over this cause as provided by law.

Respectfully submitted,

/s/ *Alexis Polk Joachim*
H. Minor Pipes, III, 24603
Alexis Polk Joachim, 31290
Luke M. Donovan, 37451
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
mpipes@pipesmiles.com
ajoachim@pipesmiles.com
ldonovan@pipesmiles.com

*Attorneys for United Property & Casualty Insurance Company*
