UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RYAN WILLIS**                                                     **CIVIL ACTION**

**VERSUS**                                                              **NO. 23-149-SDD-RLB**

**UNITED PROPERTY AND CASUALTY
INSURANCE COMPANY**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 21, 2023.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RYAN WILLIS**                                                      **CIVIL ACTION**

**VERSUS**                                                           **NO. 23-149-SDD-RLB**

**UNITED PROPERTY AND CASUALTY**
**INSURANCE COMPANY**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint. (R. Doc. 7). The deadline to file an opposition has expired. LR 7(f). Accordingly, the Motion is unopposed.

**I.     Procedural History**

On or about January 20, 2023, Ryan Willis ("Plaintiff") filed this action in the 21st Judicial District Court for Livingston Parish, Louisiana, naming as defendant United Property and Casualty Insurance Company ("Defendant" or "UPC"). (R. Doc. 1-1 at 6-13). Plaintiff seeks recovery, including bad faith damages, related to the adjustment of a claim made under a homeowner's policy.

On February 27, 2023, UPC's insolvency was declared by the Second Judicial Circuit Court for Leon County, Florida in a Consent Order Appointing the Florida Department of Financial Services as Receiver of United Property & Casualty Insurance Company for Purposes of Liquidation, Injunction, and Notice of Automatic Stay. (*See* R. Doc. 5-1).

On February 28, 2023, UPC removed the action alleging there is diversity jurisdiction under 28 U.S.C. § 1332, asserting, in pertinent part, that there was complete diversity at the time of removal because Plaintiff is a citizen of Louisiana and UPC is a citizen of Florida. (R. Doc. 1).

1

On March 3, 2023, UPC filed a Notice of the February 27, 2023 Consent Order into the record. (R. Doc 5).

On March 14, 2023, the Court stayed and administratively closed these proceedings for a period of six months, or until September 14, 2023, pursuant to Louisiana Revised Statute 22:2068(A) ("All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action."). (R. Doc. 6).

On August 29, 2023, Plaintiff filed the instant Motion for Leave to File First Supplemental and Amended Complaint, which seeks leave to file an amended pleading naming the Louisiana Insurance Guaranty Association ("LIGA") as the statutory successor in interest to UPC pursuant to La. R.S. 22:2051, *et seq*. (R. Doc. 7; *see* R. Doc. 7-3). Plaintiff represents that counsel of record for UPC advised that because "UPC is no longer in existence" they could "neither consent nor object to the present filing." (R. Doc. 7 at 1). The Court notes that UPC, which remains a named defendant in this action, did not file a timely opposition to this motion under Local Rule 7(f). Accordingly, the instant motion is unopposed.

Plaintiff specifically asserts that the addition of LIGA as an indispensable party would destroy complete diversity and require remand of this action. (R. Doc. 7-1 at 2). For the following reasons, the Court finds it appropriate to grant the instant Motion, enter the First Supplemental and Amended Complaint into the record, and remand the action to the 21st Judicial District Court for Livingston Parish, Louisiana for lack of subject matter jurisdiction.

## II.    Law and Analysis

### A.    LIGA is a Non-Diverse Defendant

There can be no dispute that LIGA is a non-diverse defendant. As a private unincorporated legal entity, "LIGA has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)).

Louisiana federal district courts have remanded similar actions in which the plaintiffs named LIGA as an additional defendant in light of an insurer's insolvency, specifically concluding that LIGA is a citizen of Louisiana for the purposes of diversity jurisdiction. *See Cormier v. S. Fid. Ins. Co.*, No. 21-03634, 2023 WL 3516207, at *1 (W.D. La. May 2, 2023) ("As recognized by federal district courts throughout Louisiana with varying results, LIGA's member insurers undoubtedly include Louisiana citizens for diversity purposes, bestowing upon LIGA Louisiana citizenship for jurisdictional purposes.") (citing cases), *report and recommendation adopted*, 2023 WL 3510918 (W.D. La. May 17, 2023); *Brunet v. S. Fid. Ins. Co.*, No. 21-2308, 2023 WL 4541114, at *4 (E.D. La. July 14, 2023) ("While Plaintiff has not identified any of the constituent members of LIGA, in a separate matter that was previously before this Court, counsel for LIGA acknowledged during a telephone status conference . . . that, "LIGA is a Louisiana citizen because one or more of its constituent insurer members is a citizen of Louisiana."); *Soza v. S. Fid. Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *3 (E.D. La. Apr. 4, 2023) (same); *Keiffer v. S. Fid. Ins. Co.*, No. 22-863, 2023 WL 157631 (E.D. La. Jan 11, 2023) (granting unopposed motion to remand after plaintiff amended the complaint to name LIGA as a defendant in the action, which destroyed complete diversity); *see also Derouen v. Anco Insulations, Inc.*, No. 21-215, 2021 WL 4450238 (M.D. La. Aug. 27, 2021) (remanding action because of the presence of non-diverse defendants in the action, including LIGA), *report and recommendation adopted*, 2021 WL 4444721 (M.D. La. Sept. 28, 2021).

Because LIGA is a non-diverse defendant, its joinder as a defendant in this action would require remand for lack of complete diversity. *See* 28 U.S.C. § 1332. In light of the foregoing, the Court discusses below whether post-removal amendment should be allowed under 28 U.S.C. § 1447(e).

### B.  Amendment of the Pleadings to Name a Non-Diverse Defendant

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, when an amendment seeks to add a nondiverse party that would destroy diversity jurisdiction, 28 U.S.C. § 1447(e) directs district courts to either "deny joinder, or permit joinder and remand the action to the State court." In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987),[1]

---

[1] Section 1447(e) was enacted after the Fifth Circuit's decision in *Hensgens*. Nonetheless, the Fifth Circuit has continuously advised that a trial court considering joinder under § 1447(e) should "temper[ ] its discretion with the standard established by *Hensgens*. . . ." *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also*

4

the Fifth Circuit instructed district courts "faced with an amended pleading naming a new nondiverse defendant in a removed case" to "scrutinize that amendment more closely than an ordinary amendment," while considering several factors outlined by the Court—*i.e.* 'the *Hensgens* factors.' *Id.* at 1182. The *Hensgens* factors require a balancing of the parties competing interests while determining whether: (1) the amendment's purpose is to defeat federal jurisdiction; (2) the plaintiff was diligent in amending the complaint; and (3) the plaintiff will be significantly injured if the amendment is denied. *Hensgens*, 833 F.2d at 1182. Courts should also consider "any other factors bearing on the equities." *Id.*

Here, the *Hensgens* factors weigh in favor of allowing amendment to name LIGA as a non-diverse defendant. First, the purpose of the amendment is to name a proper defendant, not to destroy federal diversity jurisdiction. Because UPC is an "insolvent insurer" under La. R.S. 22:2055(7), LIGA is UPC's statutory successor in interest pursuant to the Louisiana Insurance Guaranty Law, rendering LIGA an appropriate additional defendant in this action. *See Brunet*, 2023 WL 4541114, at *3; *see also Cormier*, 2023 WL 3516207, at *2 ("Pursuant to La. R.S. 22:2058(A), Plaintiffs' suit against a now-insolvent insurer is construed as asserting a claim for which LIGA may be statutorily liable, subject to limitations found in La. R.S. 22:2008."). Furthermore, given that UPC only entered into receivership after removal of this action, Plaintiff "neither knew nor should have known of LIGA's involvement in this litigation" at the initiation of this action in state court. *See Brunet*, 2023 WL 4541114, at *3; *Soza*, 2023 WL 2770125, at *4. Given the foregoing, it is proper to conclude that Plaintiff's "motion to amend was prompted by the post-filing insolvency of its insurer and was not undertaken for the purpose of defeating diversity jurisdiction." *Cormier*, 2023 WL 3516207, at *2.

---

*Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (noting *Hensgens* is the "correct legal standard" for court to apply in determining whether to exercise its discretion under § 1447(e) to permit joinder of non-diverse party after removal).

5

The second *Hensgens* factor also supports amendment. Plaintiff filed the instant motion to name LIGA as an additional defendant during the six-month period in which this action was stayed.

Finally, the third *Hensgens* factor weighs in favor of allowing amendment. The denial of Plaintiff's motion would result in significant prejudice to Plaintiff if he were not allowed to name LIGA as a defendant because he is no longer seek recovery from UPC. *See Brunet*, 2023 WL 4541114, at *4; *Soza*, 2023 WL 2770125, at *5. Moreover, the Court finds no substantial reason under the general requirements of Rule 15(a)(2) to deny amendment to name LIGA as an additional defendant.

For the foregoing reason, the Court concludes that it is proper to allow amendment to name the non-diverse defendant LIGA as a defendant, which will destroy subject matter jurisdiction and require remand of the action to state court. *See* 28 U.S.C. § 1447(e); 28 U.S.C. § 1332; *see Mitchell v. S. Fid. Ins. Co.*, No. 21-675-SDD-RLB, 2023 WL 5663225, at *4 (M.D. La. Aug. 1, 2023), *report and recommendation adopted*, 2023 WL 5663214 (M.D. La. Aug. 31, 2023) (granting leave to amend to join LIGA as an additional defendant and remanding the action for lack of diversity jurisdiction in light of the amendment).

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (R. Doc. 7) be **GRANTED** to the extent it seeks leave to amend to join the Louisiana Insurance Guaranty Association as an additional defendant in this action.

**IT IS FURTHER RECOMMENDED** that the district judge **ORDER** the Clerk's Office to file Plaintiff's First Supplemental and Amended Complaint (R. Doc 7-3) into the record.

6

**IT IS FURTHER RECOMMENDED** that the district judge **REMAND** this action to the 21st Judicial District Court for Livingston Parish, Louisiana for lack of subject matter jurisdiction in light of the addition of the non-diverse defendant Louisiana Insurance Guaranty Association.

Signed in Baton Rouge, Louisiana, on September 21, 2023.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**